**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

| | |
|---|---|
| In Re: | |
| | Case No. 1:17-bk-10189-NWW |
| AMERICAN CONSUMERS, INC. d/b/a SHOP-RITE SUPERMARKETS | Chapter 11 |
| Debtor-In-Possession. | |

**DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO PAY**
**PRE-PETITION WAGES AND SALARIES AND OTHER EMPLOYEE OBLIGATIONS**

> **NOTICE OF HEARING**
>
> Pursuant to Local Rule 9013-1(g), this matter has been set for expedited hearing on **Thursday, January 19, 2017** at **10:30 a.m.** in **Courtroom A**, **Third Floor,** United States Bankruptcy Court, 31 East 11th Street, Chattanooga, Tennessee 37402. If you do not appear at the hearing or file an objection prior to the hearing, the Court will consider that you do not oppose the Emergency Motion for Authority to Pay Pre-Petition Wages and Salaries and Other Employee Obligations, and grant the relief requested herein without further notice of hearing.

Pursuant to 11 U.S.C. §§ 105(a), 363(b) and 507(a)(4) and (5), Debtor-In-Possession American Consumers, Inc. d/b/a Shop-Rite Supermarkets (the "Debtor" or "Debtor-In-Possession"), requests an order from this Court authorizing the Debtor to pay all payments required under or related to wages, salaries, payroll taxes, withholding obligations and other employee obligations that have accrued pre-petition ("Pre-Petition Employee Obligations"). In support of this motion, the Debtor would show the Court as follows:

**1.**    On January 17, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief, and thereby commenced a case under Chapter 11, Title 11, United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of Tennessee. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is operating its businesses as debtor-in-possession.

2.      The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      The Debtor requests that this Court enter an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code authorizing, but not requiring, it to pay, in its sole discretion, all Prepetition Employee Obligations.

4.      The Debtor currently employs approximately 190 individuals in its operations, consisting of salaried and hourly employees.  The Debtor operates seven grocery stores in Tennessee, Alabama and Georgia, and has employees located at its central office in Rossville, GA.  It estimates that its Prepetition Employee Obligations consist of approximately $77,143.04.  *See* the Affidavit of Todd Richardson, attached as **Exhibit A** and incorporated herein by reference.

5.      Many of Debtor's employees are paid by direct deposit from the Debtor's account with its prepetition bank to the employees' banks, and the Debtor seeks to be able to pay its employees at its next regularly scheduled payment date, which is Friday, January 20, 2017.

6.      The Debtor is required by law to withhold from an employee's wages or salary amounts related to federal income taxes, Social Security and Medicare taxes, and remit the same to the appropriate taxing authorities.  The Debtor is also required to pay from its own funds Social Security, Medicare taxes, and amounts for state and federal unemployment insurance.

7.      Pursuant to sections 507(a)(4) and (5) of the Bankruptcy Code, a debtor's employees claims for "wages, salaries, or commission, including vacation, severance, and sick leave pay" earned within 180 days before the Petition Date and claims against the Debtor for contribution to employee benefit plans arising from services rendered within 180 days before the Petition Date are afforded unsecured priority status of $12,850.00 per employee.  *See* 11 U.S.C.

§§ 507(a)(4) and (5).

8. Furthermore, section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In addition, section 105(a) of the Bankruptcy Code states "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

9. The Debtor believes that all of the Prepetition Employee Obligations constitute priority claims, and are within the unsecured priority cap set forth in 11 U.S.C. §§ 507(a)(4) and (5). The Debtor will provide a breakdown of the proposed payment to each employee to the United States Trustee at the time of the filing of this Motion.

10. The employees are essential to the continued operations of the Debtor's business, and to its successful reorganization. Any delay in paying Prepetition Employee Obligations will adversely impact the Debtor's relationship with its employees, and could irreparably impair the employees' morale, dedication, confidence and cooperation. The Debtor cannot risk the substantial damage to its business that would occur with employee morale attributable to the Debtor's failure to pay Prepetition Employee Obligations. In addition, the employees will also suffer additional financial difficulties absent an order from the Court authorizing the requested relief.

11. None of the Debtor's accounts, accounts receivables, bank accounts or any other accounts which could be considered "cash collateral" are encumbered by a prepetition lien. As a result, a separate cash collateral order is not necessary.

**WHEREFORE,** Debtor requests that the Court enter an Order authorizing the Debtor to pay Pre-Petition Employee Obligations from its bank accounts, including the direct deposit of payroll into employee accounts.

        Respectfully submitted,

        **CHAMBLISS, BAHNER & STOPHEL, P.C.**

        By:   /s/Harold L. North, Jr.
               Harold L. North, Jr., BPR No. 007022
               Jeffrey W. Maddux, BPR No. 027394
               Alexander K. McVeagh, BPR No. 032259
        Liberty Tower, Suite 1700
        605 Chestnut St.
        Chattanooga, TN  37450
        Telephone:  423-756-3000
        Facsimile:   423-508-1244
        Email: hnorth@chamblisslaw.com
                 jmaddux@chamblisslaw.com
                 amcveagh@chamblisslaw.com

        *Counsel for Debtor American Consumers, Inc.*
        *d/b/a Shop-Rite Supermarkets*

## CERTIFICATE OF SERVICE

      I hereby certify that I filed a copy of the foregoing pleading electronically. Notice of this filing has been given to the United States Trustee and the creditors identified on the attached creditor matrix via first class mail.

      Dated this 18th day of January, 2017

                                              /s/ Harold L. North, Jr.